UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELBA SALDANA, as mother and next friend of "JW", a minor, | ) ) ) |
| Plaintiff(s), | ) Case No.: ) ) |
| v.s. | ) ) |
| HERBERT ERBY (official and individual capacity), and BOARD OF EDUCATION OF THE CITY OF CHICAGO, | ) ) ) ) ) JURY TRIAL DEMAND |
| Defendant(s). | ) ) |

## COMPLAINT AT LAW

**NOW COMES** the plaintiff, "JW", a minor, by and through his mother and next friend, ELBA SALDANA, counsel Clinton P. Davis, complaining against defendants HERBERT ERBY (official and individual capacity) and Board of Education of the City of Chicago, as follows:

## INTRODUCTION

1. This is an action arising from the violation of plaintiff's civil rights secured by the Constitution of the United States, The Civil Rights Act of 1871 as codified under 42 USC §1983, and 42 USC §1988.

2. This court has original jurisdiction for the same under 28 USC §§1343(a) and 1331.

3. Further, this is also an action with Illinois tort law claims for relief arising from personal injuries caused by defendant Herbert Erby's willful and wanton conduct.

4. The court has supplemental jurisdiction of the Illinois tort law claims under 28 USC §1367.

5. Venue is proper under 28 USC §1391(b) as all defendants reside in, and all events or omissions giving rise to this claim occurred in, this district.

**PARTIES**

6. Plaintiff, JW, is a 15-year-old resident of the Northern District of Illinois.

7. At all relevant times herein, Elba Saldana was the mother, legal guardian of plaintiff, and a resident of the Northern District of Illinois.

8. On January 30, 2023, plaintiff was a freshman student enrolled at Theodore Roosevelt Highschool (hereinafter "Roosevelt"), located at 3436 West Wilson Avenue, Chicago, Cook County, Illinois 60625, within the City of Chicago School District 299 (hereinafter "SD299")-a school governed by defendant Board of Education of the City of Chicago (hereinafter "Board").

9. Defendant Board, at all relevant times herein, as an Illinois school board and governing body of the SD299, was created and operating under the Illinois School Code.

10. Defendant Herbert Erby, at all relevant times herein, was a resident of the Northern District of Illinois, employed by defendant Board as a security officer, sports-coach, agent, employee, official, and/or teacher at Roosevelt since at least May 31, 2015.

11. Defendant Herbert Erby was acting under the direction of the defendant Board, within the course or scope of his agency relationship and employment duties as a security officer, at all relevant times herein.

**FACTS**

12. All public-school districts, including defendant Board's SD299, are required to report their use of physical restraint, isolated time-out, and time-out (commonly known as RTO) practices to the U.S. Department of Education, Civil Rights Data Collection for Civil Rights.

13. For the year 2015-2016, the self-reported federal data shows defendant Board reported at least 47 restraint incidents and 41 students reported restrained.

14. SD299 grossly under-reported restraint incidents 2015 to 2016, and continually thereafter.

15. In November 2022, the Illinois State Board of Education (hereinafter "ISBE") investigated defendant Board's policies and customs in maintaining discipline via RTO within SD299 and determined that the defendant Board was not in compliance with RTO training and reporting requirements.

16. The November determination was a partial end to the investigation as there was enough data to establish findings of RTO training violations.

17. On November 30, 2022, ISBE issued orders to defendant Board for actions to correct said violations.

18. While the investigation was still being conducted, defendant Board violated ISBE orders for actions four more times.

19. On or about January 30, 2023, plaintiff was attending school at Roosevelt when defendant Herbert Erby intentionally, and/or recklessly, used violent physicality to immobilize and remove plaintiff from the school cafeteria.

20. Specifically, defendant Herbert Erby ordered plaintiff to leave a student-filled cafeteria before grabbing ahold of the compliant plaintiff's throat to forcibly expedite his removal.

3

21. Defendant Herbert Erby cursed plaintiff and threw him onto the cafeteria floor.

22. Defendant Herbert Erby then mounted plaintiff's planked-down person in the middle of a gathering of fellow students, and other staff, then present in the crowded cafeteria.

23. Defendant Herby Erby was a 48-year-old man, weighing over 200 pounds, with football and wrestling coaching experience, while plaintiff was a slender 14-year-old boy weighing 123 pounds at the time of the incident.

24. Using unhinged pressure, and his bodyweight, defendant Herbert Erby held plaintiff's face, neck and torso down to the floor in strangling pins as he wrestled plaintiff into interchanging supine and prone physical restraint positions-restricting plaintiff's movement and ability to breathe for an extended period of time.

25. Defendant never acknowledged, heeded or acquiesced to the growing crowd's requests for him to stop the aforementioned attack against plaintiff.

26. Defendant Herbert Erby snatched plaintiff from the floor and threw him into a cafeteria door.

27. Defendant Herbert Erby then pushed plaintiff through the door exiting outside of the school building and threw him onto the snowy ground.

28. Defendant Herbert Erby then sentineled over the battered, exhausted, and secluded plaintiff sitting in the snow.

29. The incident was recorded and shown all over the local evening news broadcast and social media accounts-much to plaintiff's embarrassment.[1]

30. Plaintiff had no prior history of committing acts that would result in potential physical harm to himself, another, or damage to property.

---

[1] https://wgntv.com/news/chicago-news/video-shows-scuffle-between-cps-staff-member-student/

31. At all relevant times herein, plaintiff never attempted or committed an act that would present an imminent danger of physical harm to himself, another, or damage to property.

32. Defendant Herbert Erby never attempted less restrictive and intrusive measures, that proved to be ineffective for disciplining plaintiff.

33. No de-escalating, positive-behavioral-intervention, patience, or otherwise non-physically restraining tactics were used by defendant Herbert Erby to escort plaintiff from the cafeteria, despite all being available at the time.

34. Defendant Herbert Erby never received adequate training in the safe application of RTO practices, as established by rule of the State Board of Education.

35. The nature and severity of defendant Herbert Erby's aforesaid acts establish intimidating and physically abusive corporal punishment; far exceeding any legitimate purpose under the guise of maintaining discipline.

36. As a result of defendant Herbert Erby's conduct, plaintiff was physically injured, required medical treatment, suffered emotional trauma, humiliated, and never again returned to classes at Roosevelt due to personal injury, fear and the emotional distress of public humiliation.

37. On April 18, 2023, ISBE concluded its investigation on some, but not all, of defendant Board's suspected RTO violations and found the following customs practiced throughout defendant Board's SD299:

      a. use of physical restraint, time out, and isolated time out without imminent danger in violation of 23 IAC 1.285;
      b. failure to end physical restraint as required in violation of 23 IAC 1.285(d)(1);
      c. failure to periodically halt physical restraint as required in violation of 23 IAC 1.285(d)(2);
      d. failure to hold restraint review meeting as required in violation of 23 IAC 1.285(f)(4);
      e. improper use of prone physical restraint in violation of 23 IAC 1.285(d)(4);
      f. failure to designate a school official in violation of 23 IAC 1.285(J)(3);

      g.      failure to report RTO incidents to ISBE as required in violation of 23 IAC 1.285(h)(1); and

      h.      Failure to meet training standards in violation of 23 IAC 1.285(i).

38. On April 24, 2023, The Chicago Public School's Office of Student Protections and Title IX (OSP) shared the outcome of its investigation into defendant Herbert Erby's attack of plaintiff under OPS #172144, in accordance with defendant Board regulations, and communicated that the allegations that defendant Herbert Erby abused plaintiff were substantiated.

### COUNT I - 42 USC 1983 CLAIM - UNREASONABLE SEIZURE
(ELBA SALDANA, as mother and next friend of "JW", a minor v. HERBERT ERBY)

39. At all times relevant herein, plaintiff, by way of the Fourth Amendment of the United States Constitution and applied to defendants here through the Fourteenth Amendment, as appropriate for students attending public school, possessed the right to be secure in his person against unreasonable seizures.

40. It is well settled common law that the Fourth Amendment protection *guarantees* the privacy, dignity, and security of one's person and liberty interests against certain arbitrary and invasive acts by officers of the government-such acts as a public-school security officer's unreasonable seizure of a student.

41. Defendant Herbert Erby seized plaintiff based on the following circumstances:

      a.      a reasonable person, in plaintiff's position of being pinned and physically restricted by defendant, would believe that he was *not* free to leave;

      b.      defendant Herbert Erby used a show of authority to order and remove plaintiff from the cafeteria; and/or

      c.      defendant Herbert Erby employed direct person to person contact in physically restricting plaintiff's freedom.

42. Defendant Herbert Erby's seizure was unreasonable because it was:

      a.      knowingly committed under circumstances exhibiting a disregard for the safety of plaintiff;

      b.      constituted a willful and wanton battery of plaintiff;

      c.      unprovoked by any threat of imminent danger;

      d.      violated Illinois School Code 105 ILCS 5/24-24 in being a prolonged maintenance of a student in a physically painful position;

      e.      violated Illinois School Code 105 ILCS 5/24-24 in being intentional infliction of bodily harm;

      f.      violated Illinois Administrate Code 23 IAC 1.285 in being excessive RTO corporal punishment;

      g.      demonstrated an seizure with excessive force; and/or

      h.      no government interests, including proper education, training, control, or maintaining school discipline, was served by defendant's exercise of excessive corporal punishment.

43. A reasonable person, in defendant Herbert Erby's position would have known such actions violated plaintiff's Fourth Amendment rights.

44. Public schools may impose discipline it reasonably believes to be necessary for the child's proper control, training, or education; but not with excessive force.

45. Defendant Herbert Erby acted under color of state law by committing aforesaid acts in the performance of his official duties as school security officer.

46. As a direct and proximate result of one or more of the aforesaid acts and/or omissions of defendant Herbert Erby, plaintiff suffered injuries and damages of a personal, pecuniary and permanent nature.

## COUNT II – (IL) WILLFUL AND WANTON CONDUCT
(ELBA SALDANA, as mother and next friend of "JW", a minor v. HERBERT ERBY)

47. Defendant Herbert Erby, as defendant Board's school security officer, had a duty to provide for the physical safety of Roosevelt students, including plaintiff.

48. Such duty places with the defendant Board, and its agent defendant Herbert Erby, the responsibility of maintaining reasonable discipline among students.

49. Defendant Herbert Erby had a duty of care to avoid injuring other people, including plaintiff.

50. Defendant Herbert Erby had a duty to protect plaintiff against harms created by defendant's own conduct.

51. Defendant Herbert Erby *knowingly* breached all aforementioned duties to plaintiff through one or more of the following acts and/or omissions:

   a. used physical restraint to maintain plaintiff in a physically painful position without imminent danger of physical harm to himself, another, or damage to property, in violation of 105 ILCS 5/34-18.20, 105 ILCS 5/24-24 and 23 IAC 1.285, d.);
   b. inflicted bodily harm on plaintiff with an excessive physical restraint as a form of corporal discipline, in violation of 105 ILCS 5/24-24;
   c. used physical restraint against plaintiff without adequate training in the safe application of RTO;
   d. never attempted other less restrictive and intrusive measures, proven to be ineffective, before physically restraining plaintiff with violent force;
   e. physically abused plaintiff with physical restraints and throws that dangerously restricted plaintiff's mobility and ability to breathe;
   f. committed said acts without provocation from plaintiff; and/or
   g. subjected plaintiff to battery, a knowingly unjustified physical contact constituting an offensive and harmful touching.

52. As a direct and proximate result of one or more of the aforesaid acts and/or omissions of defendant Herbert Erby, plaintiff suffered injuries and damages of a personal, pecuniary and permanent nature.

53. Furthermore, defendant Herbert Erby's aforesaid course of actions show an actual or deliberate intention to cause plaintiff harm, and if not intentional, shows an utter indifference to or conscious disregard for the safety of plaintiff-establishing willful and wanton conduct.

## COUNT III – (IL) *RESPONDEAT SUPERIOR*
(ELBA SALDANA, as mother and next friend of "JW", a minor v. BOARD OF EDUCATION OF THE CITY OF CHICAGO)

54. Defendant Herbert Erby was an agent of defendant Board when committing the acts alleged herein, and acting within the scope of his employment, under the color of law.

55. Accordingly, defendant Board is liable for all torts committed by its agent.

8

## COUNT IV – (IL) INDEMNIFICATION
(ELBA SALDANA, as mother and next friend of "JW", a minor v. BOARD OF EDUCATION OF THE CITY OF CHICAGO)

56. Defendant Board was defendant Herbert Erby's employer.

57. Defendant Herbert Erby committed said acts under the color of law and within the scope of his employment with defendant Board.

58. Plaintiff was injured as a proximate cause of said acts of defendant Herbert Erby.

59. Defendant Board shall indemnify an employee of the school district against suit, legal fees, costs, and tort judgment for compensatory damages arising from suit provided that employee at the time of the incident was acting under the direction of the board within the course and scope of his duties; pursuant to 105 ILCS 5/34-18.1 and 745 ILCS 10/9-102.

## COUNT V – 42 USC 1983 MONELL CLAIM
(ELBA SALDANA, as mother and next friend of "JW", a minor v. BOARD OF EDUCATION OF THE CITY OF CHICAGO)

60. At all relevant times herein, defendant Board owed plaintiff a duty to maintain reasonable discipline in its school, including exercising reasonable seizures by and through its policies and agents.

61. Defendant Board's agent and/or employee, Herbert Erby used the aforesaid excessive forces, unlawful restraints, and willful and wanton conduct to physically seize plaintiff in its school cafeteria in violation of plaintiff's Fourth Amendment right to be secure in his person against unreasonable seizures.

62. Prior to and on January 30, 2023, defendant Board knew 23 IAC 1.280 required it to establish a policy on the administration of discipline in accordance with the Illinois School Code.

63. Prior to and on January 30, 2023, defendant Board knew 23 IAC 1.280(b) expressly states "under no circumstance shall the policy authorize the use of isolated time out, time out, or physical restraint as a form of discipline or punishment."

64. Between 2015 and January 30, 2023, defendant Board knew of, authorized and/or ratified its employees continued violations of the 4th Amendment throughout SD299 by the exercise of the following customs, policies, and practices to discipline students:

  a. using physical restraint, time out, and isolated time out without imminent danger under 23 IAC 1.285;
  b. failing to end physical restraint as required under 23 IAC 1.285(d)(1);
  c. failing to periodically halt physical restraint as required under 23 IAC 1.285(d)(2);
  d. failing to hold restraint review meeting as required under 23 IAC 1.285(f)(4);
  e. improperly using prone physical restraint under 23 IAC 1.285(d)(4);
  f. failing to designate a school official under 23 IAC 1.285(J)(3);
  g. failing to report RTO incidents to ISBE as required under 23 IAC 1.285(h)(1); and/or
  h. failing to meet training standards in 23 IAC 1.285(i).

65. Defendant Board's aforesaid policies and/or customs persisted and were so widespread that it became defendant Board's standard operating procedure.

66. The aforesaid policies and/or customs show defendant Board's employee training for maintaining school discipline was inadequate to train its employees to properly handle the recurring Fourth Amendment violations.

67. The aforesaid policies and/or customs show defendant Board's failed to supervise its employees use of RTO to properly handle the recurring Fourth Amendment violations.

68. The aforesaid policies and/or customs show defendant Board's failed to discipline its employees for use of RTO in violation of Fourth Amendment guarantees.

69. The aforesaid policies and/or customs show defendant Board knew that it was highly predictable that of Fourth Amendment violations would occur without more, different

training, adequate supervision and discipline of its employees because there was a pattern of similar constitutional violations dating back to 2015.

70. As a direct and proximate result of defendant Board's aforesaid policies and/or customs-standard operating procedures-coupled with its failure to adequately train, supervise and discipline its employees, defendant Herbert Erby violated plaintiff's Fourth Amendment right to be secure in his person against unreasonable seizures.

WHEREFORE, plaintiff demands judgment against defendants and asks for the following relief:

- A. Enter a declaratory judgment that the practices complained of herein are unlawful and violative of Fourth Amendment;
- B. Damages to compensate for all bodily harm, emotional harm, pain and suffering, loss of enjoyment of life, and any other injuries inflicted by defendants;
- B. Punitive damages against defendant Herbert Erby;
- C. such injunctive, declaratory or other relief as may be appropriate, including attorney's fees and reasonable expenses as authorized by 42 USC Section 1988; and/or
- D. Plaintiff requests that the case be tried by a jury.

RESPECTFULLY SUBMITTED,

/s/ Clinton P. Davis
Counsel for Plaintiffs
Clinton P. Davis, Attorney At Law, LLC,
6127 S. University Ave., Ste 110P
Chicago, IL 60637
Direct: (773) 217-8438
Fax: (773) 901-2055
clinton@clintonpdavislaw.com
Cook County #59896

11